**HONGLING WANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–71188.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**605**

Submitted April 13, 2009.*

Filed April 27, 2009.

Albert M. Sterwerf, Esq., Law Office of Albert M. Sterwerf, Tustin, CA, for Petitioner.

Jason K. Axe, Assistant U.S., Office of the U.S. Attorney, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Hongling Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals ("BIA") order denying her motion to reopen. Our jurisdiction is governed by 8 U.S.C. 1252. We deny in part and dismiss in part the petition for review.

Wang has waived any challenge to the BIA's February 9, 2006 order. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

To the extent Wang challenges the BIA's April 1, 2003 order, this petition is

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003); *see also Martinez–Serrano,* 94 F.3d at 1258 (the filing of a motion to reopen does not toll the period for filing a petition for review of an underlying order of removal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**